### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION    RECEIVED

UNITED STATES OF AMERICA            *

                                    *    2007 APR 19  P 2: 12
v.                                  *  CASE NO.  2:06-cv-122-MEF

                                    *         DEBRA P. HACKETT, CLK
SHANNON MURPHY                      *          U.S. DISTRICT COURT
                                    *         MIDDLE DISTRICT ALA

                                        2:07cv336-mef

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
### BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. SECTION 2255

Counsel for Movant respectfully submits this Memorandum of Law in support of Motion

to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, under provisions of

Title 28, United States Code, Section 2255.

## I. JURISDICTION

Title 28 U.S.C. §2255 is used to test the legality of a prisoner's detention if the remedy by

motion is adequate and effective. A 2255 motion is merely another step in the Defendant's

criminal case and is favored over the traditional habeas corpus actions under 28 U.S.C., §2241 for

cases challenging the validity of a conviction or sentencing.

In pertinent part, Title 28 U.S.C. §2255 states:

> A prisoner in custody under sentence of a court ... claiming the
> right to be released upon the ground that the sentence was imposed
> in violation of the Constitution, or laws of the United States, or that
> the court was without jurisdiction to impose such a sentence, or
> that the sentence was in excess of the maximum authorized by law,
> or is otherwise subject to collateral attack may move the court
> which imposed the sentence to vacate, set aside, or correct the
> sentence. (emphasis added.)

## II. STATEMENT OF THE CASE

### A. Course of Proceedings Below

Murphy was arrested on May 8, 2006. She was charged with violation of title 21 United

States Code §846, Conspircy to Distribute Controlled Substances. On May 17, 2006 Murphy

entered a plea of not guilty. Murphy pled guilty pursuant to a plea agreement on September 6,

2006. The judgement entered on December 1, 2006 at which time Murphy's judgement reflected

24 months imprisonment and 3 year supervised release. Murphy was in custody at that time. She is now incarcerated at the Federal Correctional Institution in Alderson, West Virginia.

## B. Statement of the Facts

Murphy through counsel has requested transcription of the sentencing hearing. The record, with approval, will be supplemented to include the sentencing transcript. As the Court will recall there was a significant interaction between the parties, the Court, and the probation officer regarding drug treatment in this case. It appeared that everyone agreed that drug rehabilitation and medication was necessary to ensure Ms. Murphy's success upon release.

Counsel for Murphy requested placement in the local halfway house or an inpatient facility in the community so as to allow Ms. Murphy to seek adequate drug treatment.

The Court made an inquiry of the probation officer who inquired of the Bureau of Prisons as to the least sentence that could be imposed to still allow Murphy eligibility to participate in the Bureau of Prisons residential drug treatment program. The answer was 24 months. The Court made comments to the effect that this would allow Ms. Murphy to return home as quickly as possible in light of the anticipated twelve month reduction for completion of the drug program.

The Courts intentions at sentencing were obviously frustrated because Murphy has not entered the program despite having been in the Federal Prison System for 8.5 months.[1]

As noted in Exhibit A, Inmate Request to staff, Murphy sought placement in the residential drug program. Murphy does not have enough time remaining on her sentence (15 months) to complete the program. It was suggested by the Bureau of Prisons she enter the nonresidential program. She will not receive a sentence reduction after completion of that program and will be required to serve 24 months, minus good time.

It is obvious the Court nor the parties were aware Murphy would be ineligible for the program. At the risk of sounding presumptuous, counsel believes if the Court had been given accurate information on this matter the Court would have been more inclined to grant the

---

[1]Murphy was already in custody after a probation violation.

2

alternative requests made by Murphy's counsel.

## III. ARGUMENT

### DEFENDANT'S CONVICTION AND SENTENCE ARE SUBJECT TO COLLATERAL ATTACK AND HE IS ENTITLED TO RELIEF PURSUANT TO 28 U.S.C. SECTION 2255

Habeas Corpus has traditionally been regarded as governed by equitable principles. *Fay v. Noia*, 372 U.S. 391, 483, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963).

Due process mandates that a defendant be sentenced by a judge knowledgeable of all the material facts. In fact, the Supreme Court addressed the notion as follows:
The result of the procedural irregularity is that the sentence rests on a foundation of confusion, misinformation and ignorance of acts virtually material to mitigation. If justice is to be done, a sentencing judge should know all the material facts.... Fair administration of justice demands that the sentencing judge will not act on surmise, misinformation and suspicion but will impose sentence with insight and understanding. *Harris v. United States*, 382 U.S. 160, 166, 865, Ct. 353, 15 L.Ed.2d 240 (1965).

In *Davis v. United States*, 417 U.S. 333 (1973), the Supreme Court permitted a collateral attack involving a claim that a judgment that was lawful when entered should be set aside because of a later development. The subsequent development in that case, however, was a change in the substantive law that established that the conduct for which petitioner had been convicted and sentenced was lawful. In this case the Court relied on representations of the Bureau of Prisons conveyed by Murphy's probation officer that a 24 month sentence would enable her to attend a drug program that would reduce her sentence. The Court was interested in Murphy's most expeditious return to her six year old son. This serves as a basis for vacating her sentence. This should be considered in conjunction with the fact she was sentenced by a Judge without the knowledge Murphy would be denied admission to the drug program ordered by the Court.

### IV. MURPHY REQUESTS AN EVIDENTIARY HEARING

Contested fact issues, in a proceeding on a Motion to Vacate a federal conviction and

3

sentence, must be decided on the basis of an evidentiary hearing and not on affidavits. *Montgomery v. United States*, 469 F. 2d 148 (5th Cir. 1972).

In post conviction proceedings such as 28 U.S.C. §2255, the statute calls for evidentiary hearings unless the motion, files, and records of the case conclusively show that the Movant is entitled to no relief. *Fountaine v. United States*, 411 U.S. 213, 96 S.Ct. 1461, 36 L.Ed. 2d 169 (1973) (per curium).

The Defendant, denied of an opportunity to be heard, "has lost something indispensable however convincing the ex parte showing." *United States v. Hayman*, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232 (1952), citing *Snyder v. Massachusetts*, 692 F.2d 565 (1982), an evidentiary hearing under the present circumstances is mandated. The Ninth Circuit, in *Bauman v. United States*, 692 F.2d 565 (1982), held that a "hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." This legal authority and the sound reasoning associated should be equally applicable to the case at bar. The facts of this case are distinguishable from those noted in *United States v. McGill*, 11 F. 3d 223 (1st Cir. 1993), because it cannot be said in Movant's case that an evidentiary hearing would serve no purpose.

## V. CONCLUSION

Wherefore for all the foregoing reasons, Murphy requests that her sentence be vacated or at the very least that she be granted a re-sentencing.

Respectfully submitted this 19th day of April 2007.

Susan G. James (ASB-7956-J64S)
Attorney for Movant

Address of Counsel:
Law Office of
Susan G. James and Associates
600 S. McDonough St. - P.O. Box 198
Montgomery, AL 36101-0198
334/269-3330
334/263-4888 (Fax)

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was served upon Louis Franklin, Assistant United States Attorney, P. O. Box 197, Montgomery, Alabama 36101 this 19th day of April. 2007.

The above instrument was served via:
( ) personal service
( ) first class mail
( ) certified mail, return receipt requested
( ) facsimile
( ) overnight courier

Of Counsel

5

# EXHIBIT A

PS → PSI

S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: *Murphy* | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: A3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like to be (interviewed) for
the RDAP for the upcoming class

(Do not write below this line)

DISPOSITION:

PRD—5—16—2008
CSW — Felts

PRD—7/09 2009
CSW— Edgar

You can Apply for
NON Residential

MS. Sizemore

Too short by months via a Peal

arrested 5/8/06

Past COK

You Do not have enough time
for this program — Need
15 months

Signature Staff Member

Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

from April — DrD

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) *Dr. D.* | DATE: *12/15/07* |
|---|---|
| FROM: *Shannon Murphy* | REGISTER NO.: *11947-002* |
| WORK ASSIGNMENT: *CDR* | UNIT: *A3* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

*I would like to be Considered for*
*the up coming drug Program.*
*My Out date is 5/16/2008.*

*Thank you so much.*

(Do not write below this line)

DISPOSITION:

*Too Short*

*DRP    Send to Ms. Sizemore*
*in A3 for new Resident*

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86
                                            and BP-S148.070 APR 94