IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv336-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a motion by Shannon Murphy ("Murphy") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. On September 6, 2006, pursuant to a plea agreement, Murphy pled guilty to conspiracy to posses with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On November 21, 2006, the district court sentenced Murphy to a term of 24 months' imprisonment and recommended that the Bureau of Prisons ("BOP") designate her to a facility with intensive residential substance abuse treatment. Judgment was entered on December 1, 2006. As part of her plea agreement, Murphy entered a waiver of her rights to appeal or collaterally attack her sentence except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. Murphy did not file a direct appeal.

After beginning her prison sentence, Murphy sought admission to the prison's

residential substance abuse program ("RDAP"),[1] but was informed by the BOP that she was ineligible to participate because she did not have enough time remaining on her sentence to complete the program. Murphy, through counsel, then filed this motion for relief under 28 U.S.C. §2255, arguing that the district court sentenced her "on the basis of inaccurate and incomplete information" (i.e., without knowledge that she was ineligible to participate in the RDAP) and that the court's sentencing goals were frustrated when she was denied admission to the RDAP.[2] She contends that her sentence should be vacated.

The government responds that Murphy's claim is barred by the collateral-attack waiver in her plea agreement and that, consequently, her § 2255 motion should be dismissed. Murphy was afforded an opportunity to respond to the government's submission but failed to do so. After due consideration of the § 2255 motion, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.

---

[1] The RDAP is a voluntary substance abuse treatment program that, in certain instances and in the BOP's discretion, rewards an inmate who successfully completes the program with a reduction of up to one year in his or her sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

[2] The § 2255 motion was filed on April 19, 2007.

2

2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).

The written plea agreement in this case provided that Murphy was waiving her rights to appeal or collaterally attack her sentence except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. (Doc. No. 11 - Gov. Exh. B. at 5-6.)  There is no indication in the pleadings or other records before this court that Murphy's waiver was anything but knowing and voluntary and as stated in the written plea agreement.  At the guilty plea colloquy, the terms of the waiver were discussed in open court, and the magistrate judge ascertained from Murphy that she had read and discussed the plea agreement with counsel before signing it, and that she understood the terms of the plea agreement. (Doc. No. 11 - Gov. Exh. D at 4-5, 9, and 11.)  Murphy also stated that she was not forced or coerced into pleading guilty.  (*Id*. at 5-6.)  Under these circumstances, then, the collateral-attack waiver provision in the plea agreement operates to bar this court's consideration of Murphy's § 2255 claim challenging her sentence.

This court would note that even if the waiver provision were not enforceable, Murphy would not be entitled to § 2255 relief.  In the relevant portion of the sentencing transcript, the district court "recommends that [Murphy] be designated to a facility where intensive residential substance abuse treatment is available."  (Doc. No. 11 - Gov. Exh. G at 36.)  There is no indication here, or in any other portion of the record, that the court based the

3

length of the sentence it imposed on its understanding that all of the following were certain to occur: (1) Murphy would be accepted into the RDAP; (2) she would successfully complete that program; and (3) the BOP would then exercise its discretion to reduce her sentence based upon her completion of the program. At the time of sentencing, the court was well aware that the ultimate decision as to whether Murphy would be accepted into the RDAP and granted early release upon successful completion of that program rested with the BOP. *See, e.g.,* 18 U.S.C. § 3621(e)(2)(B). Morever, In *United States v. Addonizio*, 442 U.S. 178 (1979), the Supreme Court held that a party may not obtain § 2255 relief if the claimed sentencing error was "based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." 442 U.S. at 187. *See also United States v. Dean*, 752 F.2d 535, 543-45 (11th Cir. 1985). Murphy fails to establish any "objectively ascertainable error" in her sentence, and thus, even if her claim were not barred by the waiver provision in her plea agreement, she would not be entitled to the relief she seeks..

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Murphy be dismissed with prejudice, as the claim therein is barred by the waiver provision in her plea agreement and entitles her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before February 25, 2009. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of February, 2009.

        /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE